**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4997-15T1

MARY MICHAS,

    Plaintiff-Appellant,

v.

NEW JERSEY TRANSIT CORP.
and BOROUGH OF BERNARDSVILLE,

    Defendants-Respondents.

_____

Submitted July 18, 2017 — Decided July 28, 2017

Before Judges Reisner and Suter.

On appeal from the Superior Court of New
Jersey, Law Division, Somerset County, Docket
No. L-1032-14.

Caruso Smith Picini, PC, attorneys for
appellant (Steven J. Kaflowitz, on the
briefs).

DiFrancesco, Bateman, Kunzman, Davis, Lehrer
& Flaum, PC, attorneys for respondents
(Timothy P. Beck, on the brief).

PER CURIAM

Plaintiff Mary Michas appeals from a July 8, 2016 order

granting summary judgment dismissing her personal injury complaint

against defendants New Jersey Transit Corp. (NJT) and the Borough

of Bernardsville. Our review of a summary judgment order is de novo, employing the same Brill[1] standard used by the trial court. Davis v. Brickman Landscaping, 219 N.J. 395, 405 (2014). Having reviewed the record with that standard in mind, we affirm.

The following facts were undisputed. In September 2013, plaintiff fell due to a pothole in the parking lot of the Bernardsville train station and suffered a broken wrist. The Borough leased the station from NJT and was contractually obligated to maintain the lot. The Borough did not receive any report as to this particular pothole. However, solely for purposes of the motion, defendants admitted that the pothole was an unreasonably dangerous condition, of which the Borough had constructive notice.

Defendants produced evidence that the Borough had a regular maintenance schedule for filling potholes, which included maintenance at the station lot approximately four times a year. The schedule was based on the Borough's limited resources, including five full-time employees to perform all maintenance for the entire Borough, and the fifty-two miles of roadways and five parking lots for which they were responsible. Based on that schedule, the Borough performed regular pothole repair work at the train station in April, June and October 2013. No potholes were

---

[1] Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

reported between June and September, but if they had been reported, the report would have been placed on a list and the work would have been prioritized according to available resources.

Plaintiff's engineering expert examined the parking lot two years after the accident, and opined that the pothole should have been repaired. Contrary to plaintiff's argument on this appeal, he did not opine that the pothole in which plaintiff fell had existed for three years. The expert found the lighting in the lot to be inadequate on the day of his inspection, but had no knowledge as to the lighting on the date of the accident.

In granting summary judgment, the motion judge concluded that the Borough's conduct was not palpably unreasonable, within the meaning of the Tort Claims Act, N.J.S.A. 59:4-2.

> Defendant had finite resources. They made decisions on how to best maintain the roadway and the lots and that decision involved repairing the lot in dispute once every four months.
>
> Defendant's decisions and the priority assigned to the lot are afforded deference, as they are not, obviously, improper [such] that no prudent person would approve of their action and, therefore, the defendant's motion for summary judgment is . . . granted.

On this appeal, much of plaintiff's brief is devoted to whether the Borough was on notice of the pothole and whether it

was an unreasonably dangerous condition. But that is not the issue on which summary judgment was granted.

As the motion judge recognized, the Tort Claims Act insulates a public entity from liability for a dangerous condition of its property "if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable." N.J.S.A. 59:4-2; see Polzo v. Cnty. of Essex, 209 N.J. 51, 55 (2012). Based on our review of the record, we conclude that there were no material factual disputes as to that issue, and "no prudent person" could conclude that the Borough's repair schedule was palpably unreasonable in light of its limited resources. Coyne v. DOT, 182 N.J. 481, 494 (2005). In fact, plaintiff's expert offered no opinion on that issue. See Polzo, supra, 209 N.J. at 68-69. As in Polzo, "[w]e cannot find that the absence of a more systematic program violates the Tort Claims Act, particularly when plaintiff has not provided this Court with any recognized standard of care that demands otherwise." Id. at 69.[2]

Plaintiff's appellate arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

---

[2] Plaintiff's brief did not even cite Polzo, much less attempt to distinguish the case.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4997-15T1